Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000018
11-APR-2019
10:33 AM

NO. CAAP-19-0000018


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


AB, Petitioner-Cross-Respondent/Appellee, v.
MF, Respondent-Cross-Petitioner/Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-P NO. 18-1-0175)


ORDER
(1) GRANTING MARCH 12, 2019 MOTION TO DETERMINE
APPELLATE JURISDICTION AND
(2) DISMISSING APPELLATE COURT CASE NUMBER
CAAP-19-0000018 FOR LACK OF APPELLATE JURISDICTION
(By:  Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of (1) Respondent-Cross-Petitioner/
Appellant MF's (MF) March 12, 2019 motion to determine appellate
jurisdiction, (2) the record, and noting (3) the lack of any
memorandum by Petitioner-Cross-Respondent/Appellee AB (AB) in
response to MF's March 12, 2019 motion, it appears that we lack
appellate jurisdiction over MF's appeal from the Honorable Lloyd
A. Poelman's December 6, 2018 "Expedited Order Regarding
Visitation, Child Support, and Denying Motion to Amend Findings
of Fact and Conclusions of Law" and November 15, 2018 findings of
fact, conclusions of law and order denying with prejudice MF's
cross-petition to terminate AB's parental rights over their minor
child, because the family court has not yet entered a final
judgment, final order or final decree that finally determines the
last remaining and unresolved substantive issues of AB's petition

for paternity, child custody and child support in FC-P No. 18-1-0175, as Hawaii Revised Statutes (HRS) § 571-54 (2018) requires for a paternity action.

In family court cases "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court, and review shall be governed by chapter 602, except as hereinafter provided." HRS § 571-54. In circuit courts, HRS § 641-1(a) (2016) authorizes appeals from a final judgment, order or decree. No published opinion requires a family court to reduce a final order or decision to a separate judgment for the purpose of perfecting an aggrieved party's right to appeal. See, e.g., In Interest of Doe, 77 Hawai'i 109, 114 n.9, 883 P.2d 30, 35 n.9 (1994) ("We note that, due to the nature of a 'final' judgment in child custody cases, the requirements for appealability set forth in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (Sup.1994), are inapplicable in such custody cases."). Consequently, under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, see HRS §§ 571-54 (1993) and 641-1(a) (1993), or (2) a certified interlocutory order. See HRS § 641-1(b) (1993)." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001); In re Doe, 102 Hawai'i 246, 249 n.4, 74 P.3d 998, 1001 n.4 (2003) (Explaining that HRS § 641-1(b) applies to family court cases, and, thus, a "Minor could have applied to the family court for certification of the order denying his motion to suppress evidence.").

In the instant case, neither the December 6, 2018 order nor the November 15, 2018 findings of fact, conclusions of law and order finally determined, and thus ended, the paternity proceedings in FC-P No. 18-1-0175, leaving nothing further for the family court to accomplish. For example, the family court has not yet expressly adjudicated the long term child custody,

2

visitation, and support issues. Unlike the cases cited in support by MF, the instant case does not involve any attempt by a government entity to infringe on the parties' parental rights by way of foster custody or the termination of parental rights, but, instead, involves the resolution of parental rights between two private parties as to their child. None of the recognized exceptions to the finality requirement apply in this case. See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent a final judgment, final order, or final decree, MF's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-19-0000018.

Therefore, IT IS HEREBY ORDERED that MF's March 12, 2019 motion to determine appellate jurisdiction is granted.

IT IS FURTHER HEREBY ORDERED that appellate court case number CAAP-19-0000018 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, April 11, 2019.

Presiding Judge

Associate Judge

Associate Judge

3